**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-09-01114-002-PHX-GMS |
| Plaintiff, | **ORDER** |
| v. | |
| Jose Benjamin Hernandez, | |
| Defendant. | |

Pending before the Court is Defendant's Motion for COVID-19 Compassionate Release from Incarceration Under Section 603 (Compassion Release) of the 2018 First Act, Codified under Title 18 U.S.C. § 3582(c)(1)(A), or other provisions of Federal Law or Regulation (Doc. 395). For the following reasons, Defendant's Motion is denied.

## BACKGROUND

Defendant pleaded guilty to one count of conspiracy to possess methamphetamine with intent to distribute, 21 U.S.C. § 846, and one count of distribution and possession with intent to distribute methamphetamine, 21 U.S.C. § 841(a)(1), (b)(1)(A)(viii), on May 25, 2010, (Doc. 116). He was sentenced to 235 months in the custody of the Bureau of Prisons ("BOP") on October 26, 2010. (Doc. 222.) However, the Court later modified his sentence in light of a retroactive change in the applicable sentencing guidelines, to 188 months. (Doc. 353.) Defendant then filed a pro se motion seeking compassionate release due to the COVID-19 pandemic. (Doc. 395.) Although he was appointed counsel by the Court,

counsel did not file an amended motion or notice that no supplement would be forthcoming. Consequently, the Court ordered the Government to respond to Defendant's pro se motion. (Doc. 404.)

**DISCUSSION**

**I.    Legal Standard**

Compassionate release is governed by 18 U.S.C. § 3582(c), as amended by the First Step Act of 2018. Pub. L. No. 115-391, 132 Stat. 5194, at 5239-40 (2018); *United States v. Aruda*, 993 F.3d 797, 799 (9th Cir. 2021). Under the statute, a court may reduce a defendant's term of imprisonment "upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant." 18 U.S.C. § 3582(c)(1)(A). A defendant may only seek compassionate release if he has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons" to bring the motion on his behalf, or after "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility." *Id.*

If the defendant satisfies the administrative exhaustion requirement, he must next show (1) that his request is consistent with the sentencing factors set forth in 18 U.S.C. § 3553(a), and (2) that "extraordinary and compelling reasons warrant" a reduction in his sentence and that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.* Although § 3582(c) does not define "extraordinary and compelling reasons," the Sentencing Commission has identified four categories that may qualify: serious medical conditions, advanced age, family circumstances, and a catch-all "other reasons." U.S.S.G. § 1B1.13, application note 1(A)–(D); *see United States v. Esparza*, No. 17-CR-1101-JAH, 2020 WL 2838732, at *2 (S.D. Cal. June 1, 2020). Specifically, the commission contemplated a medical condition from which the defendant is not expected to recover—one that "substantially diminishes the ability of the defendant to provide self care within the environment of a correctional facility." U.S.S.G. § 1B1.13, application note 1(A) (providing as examples terminal illness, deteriorating physical or mental health, and serious cognitive impairment). While U.S.S.G. § 1B1.13 is not binding on the Court because it only applies to motions for compassionate release filed by the BOP

director, it may "inform [the Court's] discretion" in considering motions filed by defendants under the First Step Act. *Aruda*, 993 F.3d at 802.

## II. Analysis

### 1. Exhaustion

The Government claims in its response dated August 2, 2021 that Defendant failed to exhaust administrative remedies because he only filed a request for compassionate release with his BOP warden on July 1, 2021, four months after he filed his motion. (Doc. 406 at 12.) The Government argues that if the warden had not responded by July 31, 2021, Defendant should be free to refile his motion, but that the current motion should be dismissed. The Government does not appear to have determined whether the warden had responded by July 31, 2021.

However, the Court finds that Defendant exhausted his administrative remedies. Defendant submitted to the Court a copy of a letter dated September 26, 2020, addressed to a BOP warden, requesting compassionate release. (Doc. 395 at 9.) Defendant claims he never received a response from the warden, and requests that the Court credit his assertion. (Doc. 395 at 4.) The Government does not address this claim in its response. Given the discrepancy in accounts between Defendant and the Government, the Court credits Defendant's representation because it is "based on direct knowledge" and thus finds Defendant has adequately exhausted his administrative remedies. *United States v. Young*, No. CR19-5055 BHS, 2020 WL 2614745, at *2 (W.D. Wash. May 22, 2020).

### 2. Extraordinary and Compelling Circumstances

Reviewing Defendant's medical records, the Court finds he has not met his burden to show extraordinary and compelling circumstances that warrant a reduction in his sentence beyond what the Court has already granted. (Doc. 353.) In support of his Motion, Defendant argues his chronic sleep apnea, shortness of breath, and confinement to a wheelchair—combined with his fear of contracting a second case of COVID-19—weigh in favor of early release. (Doc. 395 at 1.) Defendant previously tested positive for COVID-19 on May 8, 2020. (Doc. 406 at 15.) His records indicate his infection was a mild case:

After the first day, when he reported a sore throat, dry cough, and fatigue, subsequent examinations conducted through May 15, 2020 indicate he was largely asymptomatic. (Doc. 408-3 (under seal) at 1–9.)

First, Defendant's risk of COVID-19 reinfection does not constitute an extraordinary and compelling reason for release. Courts in this circuit generally find that "the risk of a second infection does not constitute sufficiently compelling grounds to justify compassionate release." *United States v. Nash*, No. CR-03-00059-001-PHX-JAT, 2021 WL 1969729, at *2 (D. Ariz. May 6, 2021) (quoting *United States v. Risley*, No. 1:12-CR-0363 AWI, 2020 WL 4748513, at *6 (E.D. Cal. Aug. 17, 2020)) (collecting cases). That Defendant's prior infection was relatively mild also undercuts his argument, and he has not provided evidence suggesting that a future infection is likely to be more severe. *Id.*

Second, release is not warranted because even if Defendant's health conditions increase his risk of a severe case of COVID-19 on reinfection were he unvaccinated, he has received both doses of Pfizer's COVID-19 vaccine. Courts regularly hold that inmates who have received both doses of a COVID-19 vaccine do not present extraordinary and compelling circumstances because the vaccine severely reduces the risk of severe illness, hospitalization, and death, even if the inmate experiences a breakthrough infection. *See United States v. Baeza-Vargas*, 532 F. Supp. 3d 840, 845 (D. Ariz. 2021) (collecting cases). The Pfizer vaccine has, as of the date of this Order, been fully approved by the Food and Drug Administration. *Comirnaty and Pfizer-BioNTech COVID-19 Vaccine*, Food and Drug Administration, https://www.fda.gov/emergency-preparedness-and-response/ coronavirus-disease-2019-covid-19/comirnaty-and-pfizer-biontech-covid-19-vaccine (last updated Feb. 23, 2022). At the time of Defendant's immunization, the Emergency Use Authorization governing administration found that a full course of vaccination was 95% effective in preventing infection and broadly effective in preventing severe cases of COVID-19. *Pfizer-BioNTech COVID-19 Vaccine Emergency Use Authorization Review Memorandum*, Food and Drug Administration, https://www.fda.gov/media/ 144416/download (Nov. 20, 2020). Because Defendant has previously been infected, is

fully vaccinated, and has not presented evidence of an increased risk for reinfection, he has not presented extraordinary and compelling circumstances that warrant a reduction in his sentence.

## CONCLUSION

**IT IS ORDERED** that Defendant's Motion for COVID-19 Compassionate Release from Incarceration Under Section 603 (Compassion Release) of the 2018 First Act, Codified under Title 18 U.S.C. § 3582(c)(1)(A), or other provisions of Federal Law or Regulation (Doc. 395) is **DENIED.**

**IT IS FURTHER ORDERED** that the Government's Motion to Seal (Doc. 407) is **GRANTED.** The Clerk of Court is directed to file under seal the documents lodged under seal at Doc. 408.

Dated this 11th day of March, 2022.

G. Murray Snow
Chief United States District Judge